Jitesh Dudani, California Bar No. 316071
jdudani@brlfirm.com
**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road, Suite CL18
Melville, NewYork 11747
Tel: (631) 210-7272
Fax: (516) 706-5055

*Attorneys for Plaintiff*
Our File No.: BRL20211113

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| BOB V. TUKIN, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>TRUEACCORD CORP. and CVI SGP ACQUISITION TRUST,<br><br>                              Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff BOB V. TUKIN, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants TRUEACCORD CORP., and CVI SGP ACQUISITION TRUST as follows:

## <u>INTRODUCTION</u>

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA")

1

1

## **JURISDICTION AND VENUE**

2      2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C.

3
4
§ 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental

5      jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

6      3.      This court has jurisdiction over defendants TrueAccord, Inc. and CVI

7
8
SGP Acquisition Trust because they regularly conduct and transact business in this

9      state, and the conduct complained of herein occurred in this Judicial District.

10
11     4.      Venue is proper is this Judicial District under 28 U.S.C. § 1391(b)

12     because a substantial part of the conduct complained of herein occurred in this Judicial

13     District.

14

15     5.      At all relevant times, Defendants conducted business within the State of

16     California.

17

18

## **PARTIES**

19     6.      Plaintiff Bob V. Tukin ("Plaintiff") is a natural person who is a citizen

20     of the State of Missouri, residing in St. Louis.

21
22     7.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

23     8.      Defendant TrueAccord, Corp. ("TrueAccord") is a corporation organized

24     and existing under the laws of the State of California, with its principal place of

25     business in San Francisco County, California.

26
27     9.      TrueAccord has transacted business within the State of California as is

28     more fully set forth hereinafter in this Complaint.

2

10.     TrueAccord regularly collects or attempts to collect debts asserted to be owed to others.

11.     TrueAccord is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.     The principal purpose of TrueAccord's businesses is the collection of such debts.

13.     TrueAccord uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

14.     TrueAccord accord is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15.     Defendant CVI SGP Acquisition Trust ("CVI") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in New Castle County, Delaware.

16.     CVI has transacted business within the State of California as is more fully set forth hereinafter in this Complaint.

17.     CVI regularly collects or attempts to collect debts asserted to be owed to others

18.     CVI is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19.     The principal purpose of CVI's businesses is the collection of such debts.

3

20.    CVI uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

21.    CVI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22.    The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## **FACTUAL ALLEGATIONS**

23.    Defendant alleges Plaintiff owes a debt ("the alleged Debt").

24.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

25.    The alleged Debt does not arise from any business enterprise of Plaintiff.

26.    The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27.    At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred from CVI to TrueAccord for collection.

28.    At the time the alleged Debt was assigned or otherwise transferred to TrueAccord, the alleged Debt was in default.

4

29.     In their efforts to collect the alleged Debt, Defendants caused correspondence, including an email dated March 9, 2020, to be sent to Plaintiff. (A true and accurate copy of that email (the "Letter") is annexed hereto as "**Exhibit 1.**")

30.     The Letter conveyed information regarding the alleged Debt.

31.     The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

32.     The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from Defendants that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed. As set forth herein, Defendants deprived Plaintiff of these rights.

34.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of these rights.

35.     Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

36.     Plaintiff's injury is directly traceable to Defendants' conduct because Defendants caused the Letter to be sent, and but for Defendants' conduct, Plaintiff would not have been deprived of the aforementioned rights.

37.     Plaintiff has been misled by Defendants' conduct.

38.     Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

39.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

40.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

41.     As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

42.     As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

43.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

44.    A favorable decision herein would redress Plaintiff's injury with money damages.

45.    A favorable decision herein would serve to deter Defendants from further similar conduct.

46.    Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10)**

47.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

50.     To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

51.     A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

52.     The Letter claims that Plaintiff owes $3,407.84 (the "Claimed Amount").

53.     Plaintiff did not owe the Claimed Amount.

54.     Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendants for collection.

55.     Plaintiff did not owe the Claimed Amount at the time Defendants caused the Letter to be sent to Plaintiff.

56.     Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

57.     Plaintiff did not owe any money at all to Defendants.

58.     As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

59.     Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to Defendants, violates 15 U.S.C. § 1692g(a)(1).

60.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

8

61.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

63.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

64.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed by the consumer, is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

65.     Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

66.     Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

67.     Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

68.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

1

2

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10)**

3

4

5

69.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

6

7

8

9

10

11

70.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

12

13

14

71.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

15

16

17

18

72.    To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

19

20

21

22

73.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

23

24

25

74.    The Letter claims that Plaintiff owes money to CVI.

26

75.    Plaintiff did not owe money to CVI.

27

28

76.    Plaintiff was never indebted to CVI.

77.    Plaintiff did not owe the alleged Debt to CVI.

10

78.    CVI never offered to extend credit to Plaintiff.

79.    CVI never extended credit to Plaintiff.

80.    Plaintiff was never involved in any transaction with CVI.

81.    Plaintiff never entered into any contract with CVI.

82.    Plaintiff never did any business with CVI.

83.    CVI is a stranger to Plaintiff.

84.    Plaintiff's credit report indicates that the alleged Debt was owned by "RCS/CARVAL INVESTORS" at the time Defendants were seeking to collect the alleged Debt from Plaintiff.

85.    As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

86.    Defendants' statement of the name of the creditor to whom the debt is owed when Plaintiff did not owe money to that entity, violates 15 U.S.C. § 1692g(a)(1).

87.    For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

88.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

90.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

91.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the consumer does not owe money to that entity, is a violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

92.     Defendants' allegation that Plaintiff owed a debt to the CVI is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

93.     Defendants' allegation that Plaintiff owed a debt to the CVI is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

94.     Defendants' allegation that Plaintiff owed a debt to the CVI is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

95.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692g(b), 1692e, 1692e(5), 1692e(10) and 1692f**

96.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

98.    The written notice must contain the amount of the debt.

99.    The written notice must contain the amount of the debt.

100.   The written notice must contain the name of the creditor to whom the debt is owed.

101.   The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

102.   The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

103.   The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

104.   A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

105.   Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

106.   Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

107.   15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

108.   A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

109.   Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

110.   The Letter threatens legal action against Plaintiff.

111.   The Letter contains no statement pertaining to Plaintiff's rights following its indication that Plaintiff's account may be referred to an attorney for potential legal action.

112.   The Letter fails to advise that the threat of legal action does not override the Plaintiff's right to dispute the debt.

113.   The Letter fails to advise that the threat of legal action does not override the Plaintiff's right to demand validation of the debt.

114.   The Letter fails to advise that the threat of legal action does not override the Plaintiff's right to request information concerning the current creditor.

115.   The least sophisticated consumer, upon reading that her account may be forwarded to an attorney for potential legal action, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

116.   The least sophisticated consumer, upon reading that her account may be forwarded to an attorney for potential legal action, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued by Defendants even during the verification process.

117.   As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

118.   As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

119.   As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

120.   As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

121.   Defendants violated § 1692g as Defendants overshadowed the information required to be provided by that Section.

122.   Defendants violated § 1692g(b) as the threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

123.   Defendants violated § 1692g(b) as the threat of legal action is inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

124.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

125.   While Section 1692e specifically prohibits certain practices, the list is non- exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

16

126.   15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

127.   Defendants did not intend to take legal action against Plaintiff.

128.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

129.   As a result of the foregoing, the Letter is deceptive.

130.   As a result of the foregoing, the Letter constitutes a deceptive means to attempt to collect the Debt.

131.   As a result of the foregoing, the Letter violates 15 U.S.C. § 1692e

132.   For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e, 1692e(5), 1692e(10), and 1692f, and are liable to Plaintiff therefor.

133.   The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

134.   The alleged Debt does not arise from any business enterprise of Plaintiff.

135.   The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

## CLASS ALLEGATIONS

136.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Missouri from whom Defendant

attempted to collect a consumer debt using a collection letter containing the same language complained of herein, from one year before the date of this Complaint to the present.

137.    This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

138.    Defendant regularly engages in debt collection.

139.    The Class consists of more than 35 persons from whom Defendant attempted to collect a consumer debt using a collection letter containing the same language complained of herein.

140.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

141.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant s

have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

142.    Plaintiff will fairly and adequately protect and represent the interests of the Class.

143.    The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## **JURY DEMAND**

144.   Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

  a. Certifying this action as a class action; and

  b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

  c. Finding Defendants' actions violate the FDCPA; and

  d. Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

  e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

1    f.  Granting Plaintiff's costs; all together with

2    g.  Such other relief that the Court determines is just and proper.

3    DATED: February 25, 2021          **BARSHAY, RIZZO & LOPEZ, PLLC**

4

5                                       By:   /s/ *Jitesh Dudani*
                                        Jitesh Dudani, Esquire
6                                       445 Broadhollow Road, Suite CL18
                                        Melville, New York 11747
7                                       Tel: (631) 210-7272
                                        Fax: (516) 706-5055
8                                       jdudani@brlfirm.com
                                        *Attorneys for Plaintiff*
9                                       Our File No.: BRL20211113

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28